IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THERMO CREDIT, LLC, )
      )
   Plaintiff, )
      )
   vs. ) Civil Action No. 8-mc-146
      )
ICOE, INC., *et al.*, )
      )
   Defendants. )

AMBROSE, Chief District Judge

## OPINION
### and
### ORDER OF COURT

**SYNOPSIS**

In this action, Meridian seeks reconsideration of an Order granting Thermo Credit's Motion to Enforce Subpoena. The Order was based on Meridian's failure to respond. Presently, the parties do not contest my reconsideration of that Order, and consent to my assessing Meridian's substantive argument.

For the following reasons, the Motion for Reconsideration is granted, and my previous Order vacated. Meridian shall be directed to comply with the subpoena, consistent with the following Opinion.

**OPINION**

**I. BACKGROUND**

Briefly, this Motion arises out of several actions pending in federal courts elsewhere: Thermo Credit, LLC v. ICOE, Ltd., et al., No. 7-3734 (E.D. La.), ("Thermo Credit action"), and PNC Bank v. ICOE, Ltd., No. 1:07-cv-992 (S.D. Ind.) ("PNC action"). Thermo Credit, a Defendant in the PNC action, is in the business of "factoring" accounts receivable – that is, purchasing such accounts at a discount to their face value. In the Thermo Credit action, Thermo Credit brings

claims arising out of accounts receivable factored by Thermo Credit for ICOE. In the PNC action, PNC claims that it has a security interest in certain accounts receivable factored by Thermo Credit on behalf of ICOE, because ICOE purchased them from OCMC, a borrower of PNC that is located in Indiana, without PNC's permission. In a third action, captioned PNC Bank v. OCMC, Inc., No. 1:06-cv-755 (S.D. Ind.) ("OCMC action"), the court appointed Meridian as Receiver for OCMC.

Presently, Thermo Credit seeks to enforce a subpoena duces tecum issued from this Court and directed to Meridian, seeking specified documents from OCMC, in the Thermo Credit action pending in Louisiana. Meridian is located in Pittsburgh, Pennsylvania. The parties do not dispute that OCMC's paper documents are warehoused in Indiana, and that electronically stored information exists as well. Meridian asserts that the warehoused paper documents number in the hundreds of thousands. Meridian asserts that it has advised Thermo Credit that the paper and electronic information is available to Thermo Credit for inspection. Thermo Credit, in turn, claims that Meridian has not provided information responsive to the subpoena. Meridian makes the unsupported assertion, and Thermo Credit does not contest, that it now has, and has made available, the documents as they were kept in the usual course of business. Meridian also claims that it has provided Thermo Credit with an index of warehoused items.

## II. DEFENDANT'S MOTION

The parties expend a fair amount of ink raising and responding to several issues, all of which I reject as grounds for denying enforcement of the subpoena.[1] Thermo Credit is palpably

---

[1] Although the arguments are tangential, the parties' efforts merit, at the least, a lengthy footnote explaining my decision. The first contention, unsupported by legal authority, is that the subpoena is defective because it was directed toward and was served upon Meridian, not Meridian in its capacity as Receiver. The Subpoena, however, was issued to OCMC c/o Meridian. Meridian, by its own description, has "possession, custody, or control" of OCMC's assets and property – including, as specifically stated in the Receivership Order, its records. Therefore, the names on the subpoena do not provide grounds for denying Plaintiff's Motion to Enforce.

Next, Meridian argues that the Receivership Order did not state that the Receiver is responsible to respond to subpoenae, and may not take action of its own accord. The Receiver, however, may take action required by law, whether or not stated in the Receivership Order. In connection with this argument, Meridian points to the fact that the Receivership Order was interpreted to bar a plaintiff in another action, the Blue Frog case, from maintaining suit against the Receiver. The District Court in Indiana then confirmed that it had barred parties in the Blue

frustrated with counsel's exchanges regarding compliance with the subpoena. Nevertheless, at the core of this dispute is the simple question of whether Meridian, a non-party to the action in which the subpoena issued, may comply with the subpoena by making documents and electronically stored material available to Thermo Credit for inspection.

Fed. R. Civ. P. 45(d)(1) expressly authorizes a person to produce documents for inspection as they are kept in usual course of business, <u>or</u> to organize and label them to correspond to the categories in a demand. By using the disjunctive "or," the Rule excuses the producing non-party from the obligation of organizing documents to correspond to categories of documents requested. <u>Calvert v Reinisch</u>, 218 F.R.D. 497, (W.D. Tex. 2004); <u>see also</u> <u>Broadway Delivery Corp. v United Parcel Service, Inc.</u>, No. 75-1280, 1979 U.S. Dist. LEXIS 14478, at **6-7 (S.D. N.Y. Feb. 13, 1979). Along with this Rule, I am cognizant of the general principle that non-parties are to be protected, by the Court and the party seeking discovery, from undue burden and expense. Fed. R. Civ. P. 45; <u>Garner Constr., Inc. v. Int'l Union of Operating Eng'rs, Local 302</u>, 2007 U.S. Dist. LEXIS 92522, at **3-4 (W.D. Wash. Dec. 4, 2007).

As mentioned, Meridian claims that it has made or will make available for inspection documents as they were kept in the usual course of business. Thermo Credit has not proffered any authority or argument that would require Meridian to organize those documents in any particular manner. Thermo Credit's unsupported assertions that Meridian is not neutral, is cooperating with a party in related litigation, or is paying high-priced attorneys, does not supply such authority. In other words, Meridian claims that it will comply with Rule 45(d)(1), and Thermo

---

<u>Frog</u> case from seeking discovery from the Receiver; reason dictates, Meridian argues, that my colleague in Indiana would likewise proscribe discovery in this case. Although we are all part of a single federal system, this Court's speculation about what the Indiana Court might do in the Louisiana litigation simply cannot provide grounds for denying enforcement of the subpoena.
    Finally, Meridian argues that this matter should have been brought before the District Court in Indiana, because that Court created the Receivership and must dictate the Receiver's actions, and has superior knowledge of the circumstances surrounding the case and the parties. Meridian proffers no legal authority for the proposition that either of these concepts provide grounds for precluding enforcement of a valid subpoena. In addition, I note that Meridian does not argue that the location of the documents bears on which Court should issue the subpoena.

Credit offers no reason for deeming this assertion either untrue or improper.

## CONCLUSION

The Motion to Reconsider my Order enforcing the subpoena will be granted. I reject Meridian's arguments seeking to be excused from complying with the subpoena. I also find, however, that Meridian may fulfill its obligations by making the documents and electronically stored material available for inspection by Thermo Credit, if done in accordance with applicable Rules.[2] I will not award counsel fees at this time.

---

[2] I make no finding now regarding whether the information that Meridian makes available is, or is not, made available in a form permitted by the Rules. That issue has not been placed directly before me, and there are insufficient record facts in that regard. I emphasize only that Meridian is not excused from complying with the subpoena, but neither is it necessarily required to separate out the documents to correspond to categories of documents requested.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERMO CREDIT, LLC,  )<br>　)<br>　　Plaintiff,　)<br>　)<br>　　vs.　)<br>　)<br>ICOE, INC., *et al.*,　)<br>　)<br>　　Defendants.　) | Civil Action No. 8-mc-146 |

AMBROSE, Chief District Judge

**ORDER**

AND NOW, this 25th day of July, 2008, it is hereby ORDERED, ADJUDGED, and DECREED that Meridian's Motion for Reconsideration is GRANTED, and my Order dated June 10, 2008 is VACATED. Meridian must comply with the subpoena, in accordance with applicable rules. There will be no award of counsel fees at this juncture.

　　　　　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　　　/s/ Donetta W. Ambrose
　　　　　　　　　　　　　　Donetta W. Ambrose
　　　　　　　　　　　　　　Chief U.S. District Judge